UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 5:13-123 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| GLENN E. MCGOWAN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on defendant Glenn E. McGowan's second motion (DE 514) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court hereby ORDERS that the motion is DENIED.

The compassionate-release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

1

One of these is the medical condition of the defendant. However the defendant must be suffering from a "terminal illness" or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

McGowan does not assert, nor is there an evidence in the record, that he has a terminal illness as defined under the policy statement. Likewise, he does not assert, nor is there any evidence in the record, that he has a permanent impairment that has diminished his ability to provide self-care within the prison environment.

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute an extraordinary and compelling reason to modify a sentence. These "other reasons" may only be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1 (D). This Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement. *See United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019).

For all these reasons, the Court must deny McGowan's reasserted motion for compassionate release (DE 514).

Dated September 10, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

2