UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 5:13-123 |
| Plaintiff, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| GLENN E. MCGOWAN, ) | |
| ) | |
| Defendant. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on defendant Glenn E. McGowan's motion (DE 538), which asks the Court to reconsider its prior order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court hereby ORDERS that the motion is DENIED.

McGowan pleaded guilty to conspiring to distribute 100 grams or more of heroin. By judgment dated April 18, 2014, the Court sentenced him to 120 months. He is currently incarcerated at FCI Allenwood Low. His projected release date is February 13, 2022. He asserts that he is eligible for placement in a residential reentry program on August 13, 2021.

The compassionate-release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. See 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court

1

to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The government does not dispute that one of these two conditions is met here. (DE 516, Response at 1.)

Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant compassionate release only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." A policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) does set forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. In its prior opinion denying McGowan's motion, the Court applied that policy statement to determine whether he had set forth extraordinary and compelling reasons. In a more recent opinion, however, the Sixth Circuit has determined that the policy statement does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full

2

discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*.

For purposes of this motion, the Court will assume that McGowan's health conditions amidst the COVID-19 pandemic in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. The Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively when originally sentencing McGowan. This Court has reconsidered them for this motion. McGowan was convicted

3

of a serious drug offense, involving the distribution of heroin – a drug that has caused great pain to individuals and families of all areas and backgrounds. He had a prior felony drug-trafficking conviction, which is why the Court was required to sentence him to 10 years on this charge. His criminal history included other offenses as well. Considering the § 3553(a) factors, it is not appropriate to order McGowan's release at this time.

Accordingly, for the reasons stated at his initial sentencing and in this opinion, the Court HEREBY ORDERS that McGowan's motion for reconsideration (DE 538) is DENIED.

Dated February 04, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY